Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000592
31-JUL-2017
08:14 AM

NO. CAAP-16-0000592

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CARLOTTA A. CISNEROS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KĀNE'OHE DIVISION
(1DTA-16-00585)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Carlotta A. Cisneros (Cisneros) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on July 26, 2016, by the District Court of the First Circuit, Kāne'ohe Division (District Court).[1] The District Court convicted Cisneros of one count of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2016).[2]

___

[1] The Honorable James C. McWhinnie presided.

[2] HRS § 291E-61(a)(1) provides:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

On appeal, Cisneros argues that the District Court wrongly convicted her (1) after failing to provide her with the immigration advisement required by HRS § 802E-2; (2) after erroneously admitting into evidence (a) a statement she made to Officer Jason Akiona (Officer Akiona), during a custodial interrogation, where she was not apprised beforehand of her right to remain silent as required by Miranda v. Arizona, 384 U.S. 436 (1966), and (b) the results of her field sobriety test (FST), which lacked a sufficient foundation; and (3) based on insufficient evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Cisneros's points of error as follows.

### A. The District Court's failure to provide the immigration advisement was harmless error.

Based on the plain language of HRS § 802E-2 (2014), the District Court was required to provide the immigration advisement to Cisneros "[p]rior to the commencement of trial." See Rule 11(d) of the Hawai'i Rules of Penal Procedure (HRPP); State v. Bayly, 118 Hawai'i 1, 6, 185 P.3d 186, 191 (2008) (a court must give effect to a statute's plain and obvious meaning where the statute's language is plain and unambiguous). Although the court failed to provide her with the advisement, the error was harmless beyond a reasonable doubt[3] because she has not argued that any special immigration consequences could result from the court's omission. See State v. Vasconcellos, 139 Hawai'i 350, 389 P.3d 945, No. CAAP-16-0000216, 2017 WL 946632 at *2 (App. Mar. 10, 2017)(SDO) (failure of Third Circuit District Court to provide immigration advisement was harmless beyond a reasonable doubt where Vasconcellos did not argue error could result in any adverse immigration consequence to him); Bartholomew v. State,

---

[3] HRS § 802E-3 (2014) -- which provides that when the trial court fails to give the immigration advisement required by § 802E-2, the court must vacate the judgment on motion by the defendant (1) in cases where the defendant pled guilty or nolo contendere and (2) where the defendant shows that the conviction may result in certain immigration consequences for the defendant -- does not apply where Cisneros did not plead guilty or no contest and has not shown that conviction may result in any adverse immigration consequences to her.

2

129 Hawaiʻi 427, 301 P.3d 1268, No. CAAP-11-0000622, 2013 WL 2301500 at *2 (App. May 24, 2013)(SDO) (Second Circuit District Court's failure to complete immigration colloquy was harmless where Bartholomew, who claimed to be U.S. citizen, did not contend that the excluded information was relevant to him and, consequently, that he was prejudiced).

> B.    The District Court did not err in denying the motion to suppress, where Cisneros was not under "custodial interrogation" when she said she was driving.

Cisneros's inculpatory statement, "I was driving," was not the result of a custodial interrogation as based on the "totality of the circumstances," Cisneros was not "in custody." State v. Ah Loo, 94 Hawaiʻi 207, 210-11, 10 P.3d 728, 731-32 (2000). A person may be seized within the meaning of the Hawaiʻi Constitution but not "in custody" for Miranda purposes in the sense that neither probable cause to arrest nor sustained and coercive interrogation are present. See Loo, 94 Hawaiʻi at 211, 10 P.3d at 732.

Officer Dustin Akiyama (Officer Akiyama) testified that before approaching Cisneros, he helped ensure the area was safe and set up traffic control, started the investigation, attempted to identify the owners of the other vehicles, talked to firefighters, and waited for Cisneros to be treated. Firefighters told him Cisneros had no injuries. Aside from some minor scratches and disheveled clothing, she appeared normal to the officer. Thus, although Cisneros had been in an accident, she had been treated for any injuries and had some time to recover and seemed normal.

Cisneros was sitting in the back of the truck, in public view. There is no evidence that Officer Akiona's voice, body language, or position would have caused her to feel coerced. His two questions were brief and casual. There is no evidence that the firefighters and other officers on the scene were in close proximity to or interacting with the officer or Cisneros at the relevant time.

Further, Officer Akiona lacked probable cause to arrest Cisneros for OVUII. See State v. Kaleohano, 99 Hawai'i 370, 377, 56 P.3d 138, 145 (2002) (defining "probable cause"). Although he believed she was driving the truck and the truck had collided with the other vehicles, he had no information about the manner in which she had been driving. He did not begin to notice indicia of intoxication until after she made the inculpatory response and retrieved her driver's license. See Kaleohano, 99 Hawai'i at 377, 56 P.3d at 145 (the supreme court "has rejected the idea that police observations of conduct which was as consistent with innocent activity as it was with criminal activity is sufficient to support a finding of probable cause") (internal quotation marks omitted). Cf. State v. Melemai, 64 Haw. 479, 482, 643 P.2d 541, 544 (1982) (Melemai subjected to "custodial interrogation" when he answered two questions by officer where as soon as Melemai answered first question, probable cause was formed).

Officer Akiona did not have probable cause to arrest Cisneros for inattention to driving, in violation of HRS § 291-12, as Cisneros argues. See Kaleohano, 99 Hawai'i at 377, 56 P.3d at 145; HRS § 291-12 (Supp. 2016) ("Inattention to driving").

Officer Akiona engaged in a lawful "investigative detention," not a custodial interrogation. See Ah Loo, 94 Hawai'i at 211-12, 1 P.3d at 732-33 (Ah Loo not "in custody" when he was briefly detained to confirm or dispel officer's suspicion that he was violating HRS § 281-101.5 by possessing liquor in public place; officer's inquiry regarding Ah Loo's age was reasonable, noncoercive, and designed to make investigation as brief and nonintrusive manner as possible, and request for Ah Loo's name, age, and residential address were brief and casual). See also State v. Wyatt, 67 Haw. 293, 687 P.2d 544 (1984) (no custodial interrogation where officer who pulled over vehicle for unlit headlamp noticed odor of alcohol and asked driver if she had been drinking because officer had not been intimidating or coercive and had engaged in on-the-scene questioning of brief duration, in public view).

C.    The District Court did not err in admitting
      evidence regarding Cisneros's performance on the
      Walk-and-Turn and One-Leg-Stand tests.

Even without the HGN test results there was overwhelming, compelling evidence to support the conviction; therefore, any error on the part of the District Court in admitting evidence of the test results was harmless. See State v. Kam, 134 Hawai'i 280, 287, 339 P.3d 1081, 1088 (App. 2014), cert. granted, No. SCWC-12-0000897, 2015 WL 1526201 (Haw. Apr. 2, 2015) and aff'd, 137 Hawai'i 161, 366 P.3d 636, No. SCWC-12-0000897, 2016 WL 770253 (Haw. Feb. 25, 2016)(SDO); HRPP Rule 52(a); State v. Toyomura, 80 Hawai'i 8, 27, 904 P.2d 893, 912 (1995); State v. Sprattling, 99 Hawai'i 312, 320, 55 P.3d 276, 284 (2002).

Officer Akiyama testified as a lay witness regarding Cisneros's performance of the FST and that she was intoxicated and unable to operate a vehicle. See State v. Ferrer, 95 Hawai'i 409, 429, 23 P.3d 744, 764 (App. 2001) ("It is permissible for a police officer to testify as a lay witness about his or her observations of a defendant's performance on various FSTs and to give an opinion, based on such observations, that the defendant was intoxicated."). The introduction of his lay opinion was based on a sufficient foundation. See Toyomura, 80 Hawai'i at 26, 904 P.2d at 911 (foundation necessary for introduction of officer's lay opinion regarding performance on FST).

It does not appear that the court improperly relied on any testimony by Officer Akiyama that Cisneros "failed" the Walk-and-Turn test. When the officer testified that more than two clues of impairment on the test meant a "failure," Cisneros did not object. Later, when he testified that her six clues of impairment on the test meant she had "failed," she objected, and the District Court sustained her objection. At the close of his direct examination, the officer testified that based "off the [FST]," he believed she was intoxicated, and based on his training and experience, he believed she was unable to operate a vehicle. He did not state that either opinion was based on her "failure" to correctly perform any part of the FST.

5

### D. The evidence was sufficient to support the conviction.

Officer Akiona testified that he suspected the pickup truck had collided with two parked cars. Cisneros told him she had been driving the pickup truck. When Officer Akiona asked for her driver's license and vehicle documentation, she gave him only her license and stated that he could obtain her vehicle documentation from it. She appeared to be confused. Her responses were slow, and her speech seemed slurred. From about one-and-a-half feet away, the offer detected a "fairly strong" smell of an alcoholic beverage on her breath.

Officer Akiyama testified that Cisneros slurred her words and smelled like an alcoholic beverage. During the instructional portion of the Walk-and-Turn test, she stepped over to the left with her right foot, which indicated she could not keep her balance. During the first part of the test, she missed heel-to-toe connections on every step, and on her ninth step, nearly stumbled onto another officer's car. Rather than making small, choppy steps to turn around, as instructed, she quickly pivoted 180-degrees. On her way back, she missed every heel-to-toe connection and on the eighth and ninth steps, raised her arms about ten inches from her sides. During the second, ten-second portion of the One-Leg-Stand test, she swayed about a foot from side to side and raised her arms about ten inches. Based "off the [FST]," the officer believed she was intoxicated, and based on his training and observations, he believed she was unable to operate a vehicle.

In light of the officers' testimonies, there was substantial evidence to support the conviction. See e.g., State v. Nakamitsu, 138 Hawai'i 51, 375 P.3d 1289, No. CAAP-14-0001151, 2016 WL 381475 at *1 (App. Jan. 29, 2016) (mem.); cert. granted, No. SCWC-14-0001151, 2016 WL 3152602 (Haw. June 6, 2016), and aff'd, No. SCWC-14-0001151, 2017 WL 2807977 (Haw. June 29, 2017) (sufficient evidence of OVUII where officer testified that Nakamitsu walked away from a single-vehicle accident, knelt down, said he had been driving the vehicle, began crying, emitted the smell of alcohol from his body and breath, tried to balance himself, said something like "I'm fucked, I'm fucked," and showed

clues of impairment on the FST; and another officer testified that Nakamitsu had kind of red and glassy eyes and emitted the smell of an intoxicant).

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on July 26, 2016, by the District Court of the First Circuit, Kāneʻohe Division is affirmed.

DATED:  Honolulu, Hawaiʻi, July 31, 2017.

On the briefs:

Haley Y.C. Cheng,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge